**Jesse Ruiz JIMINEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 03–96–00177–CR.

Court of Appeals of Texas,
Austin.

June 19, 1997.

Rehearing Overruled Aug. 14, 1997.

Patricia J. Cummings, Austin, for Appellant.

Ken Anderson, Dist. Atty., Travis L. Mc-Donald, Asst. Dist. Atty., Georgetown [signed], for State.

Before POWERS, JONES and KIDD, JJ.

PER CURIAM.

A jury found appellant guilty of indecency with a child (count one) and aggravated sexual assault (count two). Tex. Penal Code Ann. §§ 21.11 (West 1994), 22.021 (West 1994 & Supp.1997).[1] The jury assessed punishment for the first offense at imprisonment for twenty years, and at imprisonment for twenty-eight years for the second.

Appellant's three primary points of error are directed only to the conviction for aggravated sexual assault. He contends the evidence is legally and factually insufficient to sustain the conviction, and that the district court erred by refusing to authorize a conviction on the lesser included offense of indecency with a child. He also brings forward a supplemental point of error contending that the indecency with a child conviction is void. We will overrule the points of error and affirm the judgment of conviction.

1. The offenses took place in 1988 and 1989 and are governed by the penal statutes then in effect. Because subsequent code amendments have not

**Supplemental Point of Error**

After this cause was submitted for decision, the Court found in the transcript an order by the district court granting appellant's motion to quash the first count of the indictment. We instructed the parties to submit supplemental briefs addressing the validity of appellant's conviction on count one in light of this order. Supplemental briefs were filed as requested. In addition, the State tendered and the Court permitted to be filed a supplemental transcript and supplemental statement of facts. Tex.R.App. P. 55(c). The supplemental statement of facts contains the transcription of the court reporter's notes from the pretrial hearing on appellant's motion to quash. At the conclusion of the hearing, the court announced that the motion to quash was denied. The supplemental transcript contains a nunc pro tunc order overruling the motion to quash. The order recites that the motion was overruled and that the original written order was signed inadvertently.

By his supplemental brief, appellant contends the district court was not authorized to enter the nunc pro tunc order because the original order was not the product of clerical error. Appellant urges that his conviction on the first, quashed count is void.

A nunc pro tunc order may be used only to correct a clerical error to which no judicial reasoning contributed. *State v. Bates*, 889 S.W.2d 306, 309 (Tex.Crim.App. 1994). The classification of an error as judicial or clerical does not depend on who made the error, but on the nature of the error. *Curry v. State*, 720 S.W.2d 261, 262 (Tex. App.—Austin 1986, pet. ref'd). The error is clerical so long as judicial reasoning was not involved. *Id.* In the cause before us, the supplemental record clearly reflects that the district court overruled the motion to quash and that the written order granting the motion was mistakenly signed by the court. Because the original order was not the product of judicial reasoning, the district court

altered the relevant statutory language, the current code will be cited for convenience.

was authorized to correct it by the nunc pro tunc order. *See English v. State*, 592 S.W.2d 949, 955–56 (Tex.Crim.App.1980) (where trial court signed order granting new trial by mistake, it was authorized to correct error by nunc pro tunc order overruling motion for new trial).

Appellant's conviction on count one is not void. The supplemental point of error is overruled.

### Sufficiency of Evidence

Count two of the indictment alleged that appellant "intentionally or knowingly caused the sexual organ of [the complainant], a child younger than 14 years of age, to contact his mouth," and the jury so found. Penal Code § 22.021(a)(1)(B)(iii). In his first point of error, appellant contends the evidence does not legally support the finding that he caused the complainant's sexual organ to contact his mouth. The question presented is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found this element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991); *Griffin v. State*, 614 S.W.2d 155 (Tex.Crim.App. 1981).

The complainant, appellant's step-daughter, testified that appellant engaged in sexual activities with her on three occasions in late 1988 and early 1989, when she was ten years old. The first of these incidents took place at appellant's apartment in Travis County. While it is not the basis of this prosecution, the complainant's description of the Travis County incident provides a context for her descriptions of the subsequent, charged conduct. She testified that appellant pulled her pants and panties below her knees as she lay on his bed, then began touching her genitals with his hands and fingers. "He was just touching. He wasn't putting his finger inside of me." Appellant then began "rubbing his face" on her genital area. The complainant asked appellant to stop doing this, and he did.

The second incident took place at the family home in Taylor, after appellant resumed living with the complainant's mother. The complainant had taken a shower and was walking from the bathroom while wrapped in a towel. Appellant took the complainant to her mother's bedroom, took off the towel, and "started touching" her. As the complainant lay on the bed with her legs hanging over the edge, appellant kneeled and "put his face in [her] private part." The complainant testified that appellant's face remained there for "[a]bout a minute. It didn't last very long."

The last incident happened on a day the complainant stayed home from school because of illness. As she sat on the couch watching television, appellant took off her pants and did "[t]he same thing." This included "putting his face in [her] private part."

During cross-examination, the complainant was asked if appellant ever "put his mouth on [her] genitals." She answered, "I couldn't tell." She continued, "I can't say that I saw it. I didn't know. I can't say yes for sure because I don't know." During redirect examination, the complainant acknowledged telling the prosecutor that she "remembered [appellant's] nose being in [her] genital area and in [her] genitals." The redirect continued:

Q. Based on all that you did know, in other words, that Jesse would put his face down there and that you felt his nose in your genitals, did you form a conclusion as to whether or not he also touched you with his mouth area?

A. No.

Q. Do you just not want to form a conclusion about that?

A. No.

Q. You don't want to do that?

.      .      .      .      .

A. I don't remember. I don't think he did. I can't say he did if I don't know.

Q. But you can say that you looked down there when he was doing it, and all you could see was the top of his head, right?

A. Yes.

Q. And that you felt his nose inside of your genitals, right?

A. Yes.

During further redirect examination, the prosecutor questioned the complainant about "pressure" from her mother not to testify against appellant.

Q. Wouldn't it be fair to say that you've been under quite a bit of pressure from your mother, knowing how she feels about this case and how she feels about not wanting Jesse prosecuted for this offense?

A. I don't want Jesse to go to jail. It doesn't have to do with my mom or how she feels. It's how I feel. I don't want him to go to prison.

Q. And do you think that if you said that his mouth was on your genitals that he would probably go to prison for that?

.  .  .  .  .

A. No. The reason I don't say it is because I don't know. I'm not going to say yes if I'm not sure. I don't want to make a conclusion if I don't know.

■ The Penal Code does not define the word "mouth." The dictionary definitions include "the opening through which food passes into the body of an animal," "the cavity bounded externally by the lips or jaws and internally by the pharynx," and "the lips as a feature of the face." *Webster's Third New International Dictionary* 1479 (Philip B. Gove ed., 1969). We agree with the Dallas Court of Appeals that common sense and usage, as well as the purpose of the statute, lead to the conclusion that "mouth," as used in section 22.021(a)(1)(B)(iii), includes both the oral cavity and its constituent parts, including the lips, teeth, and tongue. *Montoya v. State*, 841 S.W.2d 419, 422 (Tex.App.— Dallas 1992), *vacated on other grounds*, 906 S.W.2d 528 (Tex.Crim.App.1995).

■ Appellant argues, without citation to supporting authority, that contact between mouth and genitals must be proved by direct evidence and not circumstantially. We disagree. Circumstantial evidence is no less trustworthy or probative than direct evidence. *See Geesa*, 820 S.W.2d at 158–59

(same standard of review applies to direct and circumstantial evidence cases); *Hankins v. State*, 646 S.W.2d 191, 197 (Tex.Crim.App. 1983) (opinion on rehearing) (abolishing use of circumstantial evidence charge). "[C]ircumstantial evidence alone may suffice . . . if the inferences arising therefrom prove the fact in question beyond a reasonable doubt." *Hankins*, 646 S.W.2d at 199. Penetration of the female sexual organ may be proved circumstantially. *Nilsson v. State*, 477 S.W.2d 592, 595 (Tex.Crim.App.1972). Similarly, we believe contact between mouth and genitals may be proved circumstantially.

■ The complainant testified that appellant rubbed his face against her naked genitals. On one occasion, this conduct lasted about one minute. As appellant did this, the complainant felt his nose inside her genitals. Viewing this evidence in the light most favorable to the jury's verdict, we believe a rational trier of fact could infer beyond a reasonable doubt that, when appellant rubbed his face against the complainant's genitals and penetrated them with his nose, he caused his mouth to contact her sexual organ. Point of error one is overruled.

■ Appellant's second point of error is that the evidence is factually insufficient to prove that he touched the complainant's sexual organ with his mouth. When conducting a factual sufficiency review, we do not view the evidence in the light most favorable to the verdict. Instead, we consider all the evidence equally, including the testimony of defense witnesses and the existence of alternative hypotheses. *Orona v. State*, 836 S.W.2d 319, 321 (Tex.App.—Austin 1992, no pet.). We will set aside a verdict for factual insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Clewis v. State* 922 S.W.2d 126, 129 (Tex.Crim.App.1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex. App.—Austin 1992, pet. ref'd as untimely filed).

■ The complainant consistently testified that she did not see and did not know if appellant touched her genitals with his mouth. The complainant testified that on one occasion, appellant left his face in her

genital area for "[a]bout a minute," but added, "It didn't last very long." In context, it is likely that the complainant did not use the word "minute" literally, but as meaning "briefly." Thus, when viewed without the prism of "in the light most favorable to the prosecution," this portion of the complainant's testimony can fairly be read as saying only that appellant briefly rubbed her genital area with his face on the two occasions in question, and that there was no mouth-to-genital contact that she could see. The complainant also testified, however, that she felt appellant's nose penetrate her genitals.

Other than the complainant's testimony, the only evidence regarding the nature of appellant's conduct was a written statement he gave the police. In the statement, appellant admitted touching the complainant's vagina with his hand on two different occasions. According to the statement, these were the only times appellant touched the complainant sexually. The jury is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony, and may accept or reject all or any part of the evidence. *Miller v. State*, 909 S.W.2d 586, 593 (Tex.App.—Austin 1995, no pet.). Appellant's statement that he touched the complainant only with his hand was contradicted by the complainant's testimony and obviously not believed by the jury.

While the complainant in this cause did not positively testify that appellant touched her genitals with his mouth, the jury was entitled to draw that inference from her testimony that he rubbed her genitals, however briefly, with his face and penetrated her genitals with his nose. When conducting a factual sufficiency review, we must be appropriately deferential to the jury's verdict so as to avoid substituting our judgment for that of the jury. *Clewis*, 922 S.W.2d at 133. We may not set aside a jury verdict merely because we feel that a different result is more reasonable. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex.Crim.App.1997). The only evidence that appellant did not commit the charged offense was his impeached statement that he touched the complainant only with his hand. Under the circumstances, we cannot say that the jury's verdict is contrary to the over-whelming weight of the evidence despite the less than positive nature of the complainant's testimony. *See and compare Reina v. State*, 940 S.W.2d 770, 773–75 (Tex.App.—Austin 1997, pet. filed) (evidence factually insufficient to sustain attempted murder conviction where verdict supported by "lone shred of evidence" and contradicted by substantial evidence that defendant uninvolved in crime). Point of error two is overruled.

### Lesser Included Offense

█ Appellant's final point of error is that the district court erred by failing to charge the jury on the lesser included offense of indecency with a child. We first address the State's assertion that the error was not preserved because appellant did not request the charge in writing or dictate the charge to the court reporter.

█ The trial court's failure "to charge upon issues arising from the facts" may be preserved by an objection "distinctly specifying [the] ground," and "in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge." Tex.Code Crim. Proc. Ann. art. 36.14 (West Supp.1997). After giving counsel an opportunity to examine the proposed jury charge, the district court asked defense counsel if he had any objections or requested charges. Counsel replied, "Yes, sir. On the second count of the indictment ... we're requesting the lesser included offense of indecency with a child pursuant to Section 21.11 of the Penal Code." Counsel continued:

> Let me explain why we're asking that. The ... [complainant's] testimony was that she could not say whether his mouth ever touched her genitals. She said something did touch her. She identified a nose and said just the face but could not say whether his mouth ever touched her genitals or not.... At this stage of the game there is evidence that the offense of indecency with a child was committed. Sexual contact means any touching of any part of the genitals of another person. That would be the case if the jury finds from the evidence that his face or any part of his body other

than his mouth touched her genitals. That's a lesser included offense, indecency with a child.

Counsel's remarks conveyed with distinct specificity his objection to the absence of an instruction on the offense of indecency with a child by contact. A special requested charge was not required to preserve error. *See Boles v. State,* 598 S.W.2d 274, 278 (Tex. Crim.App.1980); *London v. State,* 547 S.W.2d 27, 28 (Tex.Crim.App.1977).

A person is guilty of indecency with a child if he engages in sexual contact with a child younger than seventeen and not his spouse. Tex. Penal Code Ann. § 21.11(a)(1) (West 1994). "Sexual contact" includes any touching of the genitals of another person with intent to arouse or gratify the sexual desire of any person. Tex. Penal Code Ann. § 21.01(2) (West 1994). If appellant touched the complainant's genitals with his face or nose with the intent to arouse or gratify his sexual desire, he would be guilty of indecency with a child by contact.

Two factors must be considered in deciding whether appellant was entitled to an instruction on indecency with a child as a lesser included offense. First, the lesser offense (indecency with a child) must be included within the greater charged offense (aggravated sexual assault). Second, there must be some evidence that would permit a jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser included offense. *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. 1981). An issue whether the defendant is guilty only of a lesser included offense is raised if there is evidence that affirmatively rebuts or negates an element of the greater offense, or if the evidence is subject to different interpretations, one of which rebuts or negates the crucial element. *See Schweinle v. State,* 915 S.W.2d 17, 19 (Tex.Crim.App. 1996); *Saunders v. State,* 840 S.W.2d 390, 391–92 (Tex.Crim.App.1992).

■ As applied to this cause, an offense is a lesser included offense if it is established by proof of the same or less than all the facts required to establish the commission of the offense charged. Tex.Code Crim. Proc. Ann.

art. 37.09(1) (West 1981). Whether one offense bears such a relationship to another must be determined on a case-by-case basis because the statute defines lesser included offense both in terms of the offense charged and in terms of the facts of the case. *Day v. State,* 532 S.W.2d 302, 315–16 (Tex.Crim.App. 1976) (opinion on rehearing). The Court of Criminal Appeals has acknowledged that the cases applying article 37.09(1) are not "as clear as they could be." *Jacob v. State,* 892 S.W.2d 905, 909 (Tex.Crim.App.1995).

■ In a case similar to the one before us, the Court of Criminal Appeals held that when the State failed to prove the alleged offense of aggravated sexual assault of a child by penetration, but the evidence on which the State relied showed conduct constituting indecency with a child by exposure and contact, the lesser offense was included within the greater charged offense. *Cunningham v. State,* 726 S.W.2d 151, 154–55 (Tex.Crim.App.1987). While the circumstantial evidence in this cause supports the jury's finding that appellant caused his mouth to touch the complainant's sexual organ, the evidence does not compel that inference. We believe that a rational jury could have concluded from the same circumstantial evidence that appellant touched the complainant's genitals with his nose or some other part of his face, but not with his mouth, with the intent to arouse or gratify his sexual desire. We will, therefore, assume in light of *Cunningham* that the district court erred by refusing to instruct the jury on the lesser included offense of indecency with a child by contact.

■ The erroneous refusal to give a requested instruction on a lesser included offense is charge error subject to *Almanza* harm analysis. *Saunders,* 840 S.W.2d at 392; *see Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (opinion on rehearing). Under that analysis, reversal is required if the error resulted in some harm to the accused, "some" meaning "any." *Arline v. State,* 721 S.W.2d 348, 351 (Tex.Crim.App. 1986); *Almanza,* 686 S.W.2d at 171. If the absence of the lesser included offense instruction left the jury with the sole option either to convict the defendant of the charged offense or to acquit him, a finding of harm is essentially automatic because the jury was denied the opportunity to convict

the defendant of the lesser offense. *Saunders v. State,* 913 S.W.2d 564, 571 (Tex.Crim. App.1995); *see Mitchell v. State,* 807 S.W.2d 740, 742 (Tex.Crim.App.1991); *Hayes v. State,* 728 S.W.2d 804, 810 (Tex.Crim.App. 1987). This acknowledges the possibility that the jury, believing the defendant to have committed some crime, but given only the option to convict him of the greater offense, may have chosen to find him guilty of that greater offense, rather than to acquit him altogether, even though it had a reasonable doubt he really committed the greater offense. *Saunders,* 913 S.W.2d at 571 (citing *Beck v. Alabama,* 447 U.S. 625, 634, 100 S.Ct. 2382, 2388, 65 L.Ed.2d 392 (1980)). A different situation is presented if the trial court submitted one lesser included offense raised by the evidence while declining to submit another that was also raised. Under this circumstance, the jury's options were not limited to conviction of the greater offense or acquittal, and the risk that the jury convicted of the greater offense despite a reasonable doubt is not so apparent. If the jury harbored a reasonable doubt as to the defendant's guilt of the charged offense but at the same time believed him guilty of some offense, it was not forced to choose between conviction and acquittal, but had the option of convicting him of the lesser offense that was submitted. That it did not do so may indicate that the failure to give the other lesser included offense instruction was harmless error. *Saunders,* 913 S.W.2d at 572.

In this cause, the district court charged the jury on assault as a lesser included offense of aggravated sexual assault. Tex. Penal Code Ann. § 22.01(a)(3) (West 1994). The court instructed the jury that if it had a reasonable doubt as to appellant's guilt of aggravated sexual assault, but found beyond a reasonable doubt that he "intentionally or knowingly caused physical contact with [the complainant] when he knew or should reasonably have believed that she would have regarded the contact as offensive or provocative," it was to find appellant guilty of assault. That the jury did not convict appellant of the lesser included offense of assault convinces us that the failure to instruct the jury on the lesser included offense of indecency with a child by contact caused no harm to appellant.

It was undisputed at trial that appellant touched the complainant's genitals. By his own admission, appellant touched her there with his hand on two occasions. The complainant's testimony supported a finding that appellant touched her genitals either with his mouth, his nose, or some other part of his face. In order to convict appellant of aggravated sexual assault, the jury was required to find specifically that appellant's mouth came in contact with the complainant's genitals. If the jury harbored any reasonable doubt that such mouth-to-genitals contact occurred, but believed that appellant touched the complainant's genitals with his nose or face, it had the option of convicting appellant of the lesser included offense of assault. The jury's failure to convict appellant of assault is a strong indication that the jury found beyond a reasonable doubt that appellant caused the complainant's genitals to contact his mouth. Under the circumstances, there is no realistic probability that the jury would have convicted appellant of indecency with a child by contact had it been authorized to do so. *See Saunders,* 913 S.W.2d at 573. We therefore hold that the district court's refusal to instruct the jury on the lesser included offense of indecency with a child by contact, if error, resulted in no harm to appellant. Point of error three is overruled.

The judgment of conviction is affirmed.