TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00603-CR






Donald Ray Caldwell, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 95-457-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING








 Appellant Donald Ray Caldwell appeals from his convictions for the offenses of indecency
with a child and aggravated sexual assault of a child. See Tex. Penal Code Ann. §§ 21.11(a)(1),
22.021(a)(1)(B)(iii) (West 1994 & Supp. 1998). Appellant's punishment, enhanced by a prior felony
conviction, was assessed by the jury at imprisonment for life on each count. Appellant asserts there is
insufficient evidence to support his conviction and that the trial court erred in refusing to submit a jury charge
on a lesser included offense and in admitting outcry testimony from multiple witnesses. We will overrule
appellant's points of error and affirm the trial court's judgment.

 In count one of the indictment, appellant was charged with aggravated sexual assault of a
child. Appellant urges that the evidence is neither legally nor factually sufficient to sustain his conviction on
count one. In count two, appellant was charged with indecency with a child. Appellant does not challenge
the sufficiency of the evidence supporting his conviction on count two.

 In reviewing the legal sufficiency of the evidence, the test is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979);
Staley v. State, 887 S.W.2d 885, 888 (Tex. Crim. App. 1994); Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988). This standard of review is the same for both direct and circumstantial evidence. 
See Geesa v. State, 820 S.W.2d 154, 162 (Tex. Crim. App. 1991); Mack v. State, 859 S.W.2d 526,
527 (Tex. App.--Houston [1st Dist.] 1993, no pet.).

 The jury charge tracked the statute and the allegations of the indictment. In order to convict
appellant of aggravated sexual assault of a child, the trial court's charge required the jury to find beyond a
reasonable doubt that appellant "intentionally or knowingly caused the sexual organ of [the victim], a child
younger than fourteen years of age, to contact his sexual organ." "Contact" may be defined as "touching." 
Webster's Third New International Dictionary, 490 (Phillip B. Gove ed., 1961).

 Appellant contends that the evidence does not show that appellant's sexual organ contacted
the victim's sexual organ. The victim, appellant's twelve-year-old stepdaughter, testified:


 Q. And what is the next thing that you remember happening?

 A. He got on top of me.

* * * * *


 Q. What did he do after he got on top of you?

 A. He started going up and down.

* * * * *


 Q. Do you know what I mean when I say the word "penis"?

 A. Yes.

 Q. Is that what you mean by private part?

 A. Yes.

* * * * *


 Q. And did he touch you with his private part in any place?

 A. Yes.

 Q. Where was that?

 A. In between my legs.

 Q. That -- would that be in what you consider your private part between your legs?


 A. Yes.

 Q. His private part, was it hard when he was doing that?

 A. (Nods affirmatively.)

 Q. You need to say "yes" or "no."

 A. Yes.

 Q. Did it hurt at all?

 A. Yes.

* * * * *


 Q. And after he pulled down your pants, is that when he put his private part in between your
legs?


 A. Yes.

 Q. And up against your private parts?

 A. Yes.

 Q. Did you have any clothes on at all at that time?

 A. Yes.

* * * * *


 Q. You still had your underwear on?

 A. Yes.

 Q. Did he put his private part against your underwear or to the side of them or
underneath? Tell the jury where exactly it was. I know it's hard.


 A. On top of my underwear.



 Appellant argues that even though penetration in sexual assault of children cases may be
shown by circumstantial evidence, see Nilsson v. State, 477 S.W.2d 592, 595 (Tex. Crim. App. 1972),
public policy does not allow "sexual organ to sexual organ" contact to be shown by circumstantial evidence. 
We find this argument to be without merit because the standard of review is the same for direct and
circumstantial evidence. See Geesa, 820 S.W.2d at 158; Jiminez v. State, 953 S.W.2d 293, 297 (Tex.
App.--Austin 1997, pet. filed). Proof of an act of sexual contact or touching need not be shown by flesh-to-flesh contact. If intentionally or knowingly done, sexual contact or touching may be through clothing. See
Resnick v. State, 574 S.W.2d 558, 559-60 (Tex. Crim. App. 1978); Miles v. State, 247 S.W.2d 898,
899 (Tex. Crim. App. 1952); Rodda v. State, 926 S.W.2d 375, 378 (Tex. App.--Fort Worth 1996, pet.
ref'd); Cruz v. State, 742 S.W.2d 545, 548 n.2 (Tex. App--Austin 1988, no pet.). The evidence shows
that appellant intentionally and knowingly caused the sexual organ of the victim, a child younger than fourteen
years of age, to contact his sexual organ. We hold the evidence is legally sufficient to support the jury's
verdict.

 The standard of review for factual sufficiency of evidence has been recently restated by the
Court of Criminal Appeals. "We emphasize that in performing a factual sufficiency review, the courts of
appeals are required to give deference to the jury verdict, examine all of the evidence impartially, and set
aside the jury verdict 'only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust'". Cain v. State, No. 1525-9, slip op. at 14-15, (Tex. Crim. App. Dec. 18, 1997)
(quoting Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996)). See also Jiminez, 953 S.W.2d
at 298; Stone v. State, 823 S.W.2d 375, 377-81 (Tex. App.--Austin 1992, pet. ref'd untimely filed). 
Appellant testified that he did not commit any of the acts with which he was charged. However, the victim
testified that appellant's penis was erect and he was on top of her "humping" with his penis against her
"private parts." This proved appellant contacted the victim's sexual organ with his sexual organ. We apply
the standard of review required by Cain, Clewis, and Stone and conclude that the evidence supporting the
jury's verdict is not so contrary to the overwhelming weight of the evidence as to be clearly wrong and
unjust. In fact, the evidence is substantial and in overwhelming support of the jury's verdict on both counts. 
We hold the evidence is factually as well as legally sufficient and overrule appellant's first and second points
of error.

 In this third point of error, appellant complains of the trial court's refusal to charge the jury
on the lesser included offense of attempted aggravated sexual assault. A jury charge on a lesser included
offense should be submitted when requested if the lesser offense is included within the proof necessary to
establish the offense charged and when there is evidence from which a rational jury could find that the
defendant, if guilty, is guilty of only the lesser included offense. See Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App. 1993); Burnett v. State, 865 S.W.2d 223, 277-78 (Tex. App.--Austin 1993,
pet. ref'd). Appellant argues that the State failed to prove by direct evidence "sexual organ to sexual organ"
contact; therefore, the evidence would only support a conviction for attempted aggravated sexual assault. 
We have held that the evidence was sufficient to sustain the conviction for aggravated sexual assault of a
child; therefore, we hold the test that appellant, if guilty, was guilty only of the lesser included offense was
not met. We overrule appellant's third point of error.

 In his fourth point of error, appellant insists that the trial court erred in allowing outcry
testimony from multiple witnesses. The statement of a child twelve years of age or younger that was first
made to a person eighteen years of age or older, other than the defendant, concerning a sexual or assaultive
offense against the child may be admissible in evidence even though hearsay. See Tex. Code Crim. Proc.
Ann. art. 38.072 (West Supp. 1998). The trial court allowed both Julie Ann Herrera, a family preservation
therapist, and police officer Dean Peterson to testify to outcry statements made by the victim. Appellant in
his brief concedes that Julie Ann Herrera was the first adult witness to hear the victim's detailed statements,
but contends that the trial court erred in allowing Officer Peterson to testify about the victim's statement
made to him. Appellant was charged with two separate offenses committed at different times. Herrera
testified concerning the offense of indecency with a child. Herrera testified that the victim told her that on
several occasions the appellant had required the victim to masturbate him until he ejaculated. The victim did
not tell Herrera about the aggravated assault offense. After the victim made the statement to Herrera,
Officer Peterson, in the presence of Herrera, interviewed the victim. Officer Peterson testified that the victim
told him about the sexual assault offense with which the appellant was charged.

 "The determination of who the 'first person' who was given a 'statement about the offense'
is, may sometimes be a difficult one that demands close scrutiny by the trial judge." Garcia v. State, 792
S.W.2d 88, 91 (Tex. Crim. App. 1990). "[T]he outcry witness must be the first person, 18 years old or
older, to whom the child makes a statement that in some manner describes the alleged offense." Id. A trial
court has broad discretion in determining the admissibility of an outcry witness' testimony and the exercise
of that discretion will not be disturbed unless a clear abuse of discretion is established by the record. See
id. at 92. Based on the record in this case, the trial court did not abuse its discretion in allowing Herrera
to testify as the outcry witness to the offense of indecency with a child and in allowing officer Peterson to
testify as the outcry witness to the offense of aggravated sexual assault of a child. Appellant's fourth point
of error is overruled.

 The judgment is affirmed.


 Carl E. F. Dally, Justice

Before Justices Kidd, B. A. Smith and Dally*

Affirmed

Filed: January 15, 1998

Do Not Publish




* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



ense of attempted aggravated sexual assault. A jury charge on a lesser included
offense should be submitted when requested if the lesser offense is included within the proof necessary to
establish the offense charged and when there is evidence from which a rational jury could find that the
defendant, if guilty, is guilty of only the lesser included offense. See Rousseau v. State, 855 S.W.2d 666,
672-73 (Tex. Crim. App. 1993); Burnett v. State, 865 S.W.2d 223, 277-78 (Tex. App.--Austin 1993,
pet. ref'd). Appellant argues that the State failed to prove by direct evidence "sexual organ to sexual organ"
contact; therefore, the evidence would only support a conviction for attempted aggravated sexual assault. 
We have held that the evidence was sufficient to sustain the conviction for aggravated sexual assault of a
child; therefore, we hold the test that appellant, if guilty, was guilty only of the lesser included offense was
not met. We overrule appellant's third point of error.

 In his fourth point of error, appellant insists that the trial court erred in allowing outcry
testimony from multiple witnesses. The statement of a child twelve years of age or younger that was first
made to a person eighteen years of age or older, other than the defendant, concerning a sexual or assaultive
offense against the child may be admissible in evidence even though hearsay. See Tex. Code Crim. Proc.
Ann. art. 38.072 (West Supp. 1998). The trial court allowed both Julie Ann Herrera, a family preservation
therapist, and police officer Dean Peterson to testify to outcry statements made by the victim. Appellant in
his brief concedes that Julie Ann Herrera was the first adult witness to hear the victim's detailed statements,
but contends that the trial court erred in allowing Officer Peterson to testify about the victim's statement
made to him. Appellant was charged with two separate offenses committed at different times. Herrera
testified concerning the offense of indecency with a child. Herrera testified that the victim told her that on
several occasions the appellant had required the victim to masturbate him until he ejaculated. The victim did
not tell Herrera about the aggravated assault offense. After the victim made the statement to Herrera,
Officer Peterson, in the presence of Herrera, interviewed the victim. Officer Peterson testified that the victim
told him about the sexual assault offense with which the appellant was charged.

 "The determination of who the 'first person' who was given a 'statement about the offense'
is, may sometimes be a difficult one that demands close scrutiny by the trial judge." Garcia v. State, 792
S.W.2d 88, 91 (Tex. Crim. App. 1990). "[T]he outcry witness must be the first person, 18 years old or
older, to whom the child makes a statement that in some manner describes the alleged offense." Id. A trial
court has broad discretion in determining the admissibility of an outcry witness' testimony and the exercise
of that discretion will not be disturbed unless a clear abuse of discretion is established by the record. See
id. at 92. Based on the record in this case, the trial court did not abuse its discretion in allowing Herrera
to testify as the outcry witness to the offense of indecency with a child and in allowing officer Peterson to
testify as the outcry witness to the offense of aggravated sexual assault of a child. Appellant's fourth point
of error is overruled.

 The judgment is affirmed.