COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 




 
 
  
 ED ROY
 JONES,
  
                             Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                             Appellee.
 
 
  
 '
  
 '
  
 '
  
 '
  
 '
 
 
  
 No. 08-03-00049-CR
  
 Appeal from the
  
 106th District Court
  
 of Gaines County, Texas
  
 (TC#02-3277)
 
 




 

MEMORANDUM
OPINION

Ed Roy Jones was charged in a
fifteen-count indictment with aggravated sexual assault and indecency with a
child.  A jury found him guilty of five
counts of aggravated sexual assault and one count of indecency with a
child.  The jury sentenced him to fifteen
years in prison for each count, and the trial court ordered that the sentences
be served consecutively.  In his sole
point of error, Jones argues that the evidence is legally insufficient to
support his conviction for aggravated sexual assault as charged in count one of
the indictment.  We agree and will
therefore reverse and render a judgment of acquittal as to that count.








The
Indictment

The jury convicted Jones under counts
one, three, four, five, six, and seven of the indictment.[1]  Counts three through seven allege that Jones
caused the penetration of the victim=s, D.=s, sexual organ with his finger on
four separate occasions and that he caused D.=s hand to touch his genitals on one
occasion.  Jones does not contest the
sufficiency of the evidence to support his convictions under these counts.  Count one consists of two paragraphs.  The first paragraph alleges that Jones caused
the penetration of D.=s sexual organ with his sexual
organ.  The second paragraph alleges that
Jones caused D.=s sexual organ to contact his sexual
organ.  Count one is the subject of this
appeal.  We will therefore review the
record to determine whether there is legally sufficient evidence to establish
either that Jones penetrated D.=s sexual organ with his sexual organ
or that he caused D.=s sexual organ to contact his sexual organ.

The Evidence

Lieutenant Ronny Pipkin
of the Seminole Police Department testified that D.=s mother told him that D. told her
that Aon three or four occasions that Ed
Roy Jones had placed her in a bear hug and she=d be facing away from him and he
would stick his hand down into her panties and stick a finger into her private
part.@ 
D.=s mother also told him that D. stated
that AEd had tried to touch his poochie to her poochie.  And [the mother] went on to explain that that=s what [D.] calls everyone=s private parts.@








D. testified that she was
ten-years-old at the time of the trial. 
When she was eight-years-old, Jones, who was her grandmother=s husband, started sexually abusing
her.  The first instance of abuse
occurred when she went to get her bike out of her grandmother=s garage.  Jones pulled her into a room and touched her Aprivate@ with his hand.  The next weekend, Jones pulled her into her
grandmother=s bedroom and sexually abused her
again.  According to D., AThis time he pulled his pants down
and he pulled mine down, and he kept begging me to let him put his private in
mine, but I told him no.@  D. testified, AI hit him and he fell on the side of
me.@ 
D. described Jones=s Aprivate@ as A[r]ed and pointy.@

On cross-examination, defense counsel
went over the incident in the grandmother=s bedroom again.  D. stated that Jones pulled his pants down to
his knees and her pants down to her feet. 
She testified, AI was laying down and he was leaning over me,@ and AI had slapped him with my left hand
and he had fell on the side of me and landed on his back [on the bed] and I had
ran out of the room.@  D. was not sure how
long they were in the bedroom.

D. further testified that on the same
day that Jones Atried to put his private in mine,@ he also tried to put her hand on
him.  After the incident in her
grandmother=s bedroom, Jones sexually abused D.
more than four more times.  D. testified
that these instances of abuse were A[l]ike the first@ in that Ahe just touched me in my private.@








D.=s grandmother, Lupe Saldana,
testified that her daughter called her at work one day and told her that Jones
had molested D.  When Jones picked
Saldana up from work that day, Saldana informed him that she had heard that he
molested D.  Jones initially denied
it.  Saldana did not give Jones any
details about the molestation, such as D.=s claim that Jones had put his finger
in her private.  Saldana testified, AI told him that she was having a
problem with bedwetting, and that she finally told her mother that he had
molested her.  And then
that=s all
that was said.@  After they drove for
a little while, Jones said, A[I]f [D.] had a peeing problem that her mother should take
her to the doctor to get her checked out. 
And he said that sticking a finger up someone does not cause them to
have a pee problem.@

Lynn Glasscock, a sexual assault
nurse examiner, testified that she examined D.     During the exam, D. reported that Jones Aput his hands down [her] pants five
times.@ 
D. did not have any physical injuries. 
According to Glasscock, studies have shown that in up to 90 percent of
well-documented sexual assault cases there is no physical injury.  She testified that it would be possible for a
person to penetrate an eight-year-old child to some degree with a finger
without causing any physical injury or trauma.

Dr. Beth Shapiro, a licenced marriage and family therapist, testified that she
had counseled D.  She stated:

[D.]
told me that she had been sexually abused by Mr. Jones.  Including Mr. Jones placing his mouth on her
mouth, placing his hand on her vaginal area inside her underwear, placing his
hand on her back side area inside her underwear, his attempting to penetrate
her vagina with his penis, and that he had also placed [D.=s] hand onto his penis.

 








Shapiro testified that D. exhibited symptoms and problems
that were consistent with common symptoms and problems exhibited by children
who have been sexually abused.   She
diagnosed D. with post-traumatic stress disorder resulting from the sexual
abuse.

Discussion

Jones argues that the evidence is
legally insufficient to establish that he either penetrated D.=s sexual organ with his sexual organ
or caused D.=s sexual organ to contact his sexual
organ.  To determine whether the evidence
is legally sufficient, we view the evidence in the light most favorable to the
prosecution to determine whether a rational jury could find the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61
L.Ed.2d 560 (1979).  The jury is
the sole judge of conflicts in the evidence, the weight of the evidence, and
the credibility of the witnesses.  Upton v. State, 853 S.W.2d 548, 552 (Tex. Crim. App. 1993); Levario
v. State, 964 S.W.2d 290, 294 (Tex. App.--El Paso 1997, no pet.).  The jury may also draw reasonable inferences
from basic facts to ultimate facts.  Welch
v. State, 993 S.W.2d 690, 693 (Tex. App.--San
Antonio 1999, no pet.).








We are mindful that the question is
not whether we believe that the evidence established the element in
contention beyond a reasonable doubt; the question is whether the jury Aacting rationally, could have found
the evidence sufficient to establish the element beyond a reasonable doubt.@ 
Blankenship v. State, 780 S.W.2d 198, 207 (Tex.
Crim. App. 1989) (op. on reh=g).  On the other hand, we do not presume that the
jury acted rationally.  Instead, we test
the evidence to see if it is at least conclusive enough for a rational jury to
believe that it establishes the element beyond a reasonable doubt.  Id. 

 Contact with the female sexual organ in a
manner a reasonable person would consider more intrusive than contact with the
outer vaginal lips constitutes penetration. 
Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992). 
Both penetration and contact may be proved by circumstantial
evidence.  See Villalon v. State, 791 S.W.2d 130, 133 (Tex. Crim. App. 1990); Jiminez
v. State, 953 S.W.2d 293, 297 (Tex. App.--Austin 1997, pet. ref=d).  Furthermore, the testimony of a child victim
is sufficient to support a conviction for aggravated sexual assault.  See Tex.
Code Crim. Proc. Ann. art. 38.07
(Vernon Supp. 2004).  As a matter
of public policy, we do not expect child sexual assault victims to testify with
the same clarity expected of mature and capable adults.  Villalon, 791 S.W.2d at 134.

With these principles in mind, we
conclude that a rational jury could have found beyond a reasonable doubt that
Jones penetrated D.=s sexual organ with his finger, that
he exposed his sexual organ to her, and that he attempted both to touch
her sexual organ with his sexual organ and to penetrate her sexual organ with
his sexual organ.  But there is simply no
evidence from which a rational jury could infer that Jones=s sexual organ actually contacted or
penetrated D.=s.








According to Pipkin,
D. told her mother that Jones Atried to touch his poochie to her poochie.@  (Emphasis
added.)  D. told Shapiro that the sexual
abuse included Jones=s Aattempting to penetrate her vagina with his penis.@ 
D. testified that Jones begged her to A[l]et him
put his private in mine@ while she was laying on a bed and he was leaning over her
and while both of them had their pants down. 
D. also testified that Jones tried to put her hand on him on the same
day that he Atried to put his private in mine.@ 
None of these statements, viewed separately or in conjunction with one
another and the other evidence, establishes that Jones=s sexual organ came into contact with
D.=s sexual organ.

The State argues that this case is
analogous to Jiminez.  We disagree. 
In Jiminez, the court held that a
rational jury could find that the defendant=s mouth contacted the victim=s sexual organ based on the victim=s testimony that she felt the
defendant=s nose inside her while he rubbed his
face against her naked genitals for about one minute.  See 953 S.W.2d
at 297.  In this case, D. did not testify
to feeling any part of Jones=s body touch her anywhere on her body during the incident in
her grandmother=s bedroom.

Conclusion

For the reasons stated herein, we
conclude that the evidence is legally insufficient to support Jones=s conviction for aggravated sexual
assault as alleged in count one of the indictment.  We therefore sustain Jones=s sole point of error, reverse the
judgment of conviction on count one, and render a judgment of acquittal on that
count.

SUSAN
LARSEN, Justice

December 23, 2003

 

Before Panel No. 3

Barajas, C.J., Larsen, and
Chew, JJ.

 

(Do Not Publish)











[1]These
were the only counts that were submitted to the jury.