IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
MAY SESSION, 1998

FILED

December 9, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | No. 01C01-9704-CC-00122 |
| Appellee | ) | |
| | ) | MAURY COUNTY |
| vs. | ) | (Transferred from Giles County) |
| | ) | Hon. WILLIAM B. CAIN, Judge |
| STEPHEN JOHN ABBOTT, | ) | |
| | ) | (Second Degree Murder (Two Counts); |
| Appellant | ) | attempted First Degree Murder; and |
| | ) | Attempted Second Degree Murder) |

### SEPARATE CONCURRING IN PART AND DISSENTING IN PART

Judge Wade, writing for the majority, finds reversible error in the trial court's failure to charge facilitation upon each of the indicted charges. Judge Smith finds the error harmless. Both reach their respective positions after review of our supreme court's recent decision in State v. Willie Williams, No. 03S01-9706-CR-00060, (Tenn. Sept. 21, 1998) (*for publication*), wherein the court applied a harmless error analysis to the trial court's refusal to instruct on a lesser offense.

After reviewing the proof, I join with Judge Wade in concluding that the failure to instruct on facilitation was not harmless. I write separately, however, as I believe the true test for determining whether "harmless error" has occurred lies in the common ground left unaddressed by Judges Wade and Smith.

The Supreme Court in Sansone v. United States, 380 U.S. 343, 349, 85 S.Ct. 1004,1009 (1965), held:

> The basic principles controlling whether or not a lesser-included
> offense charge should be given in a particular case have been settled
> by this Court. Rule 31(c) of the Federal Rules of Criminal Procedure[1]
> provides in relevant part, that the 'defendant may be found guilty of an
> offense necessarily included in the offense charged.' Thus, '[i]n a case
> where some of the elements of the crime charged themselves

---

[1]Rule 31(c) of the Tennessee Rules of Criminal Procedure is identical to Fed. R. Crim. P. 31(c).

> constitute a lesser crime, the defendant, if the evidence justifie[s] it * * * [is] entitled to an instruction which would permit a finding of guilt of the lesser offense.' Berra v. United States, [351 U.S. 131,] 134, 76 S.Ct. [685,] 688.

More recently, the Supreme Court has interpreted lesser offense principles to include "whether the evidence would permit a jury to rationally find the defendant guilty of the lesser and acquit him of the greater." Keeble v. United States., 412 U.S. 205, 208, 93 S.Ct. 1993, 1995 (1973). See also State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996); State v. Elder, No. 03C01-9702-CR-00053 (Tenn. Crim. App. at Knoxville, Apr. 23, 1998). "Accordingly, before instructing on a lesser offense, the trial court must determine whether the evidence, when *viewed in the light most favorable to the defendant's theory of the case*, would justify a verdict in accord with [that] theory . . . ." Elder, No. 03C01-9702-CR-00053 (emphasis added) (citations and footnote omitted).

Where the trial court fails to instruct the jury on any lesser offenses, although raised sufficiently by the proof, the jury is left with the sole option of either to convict the defendant of the greater offense or acquit. Thus, the jury may choose to find the defendant guilty of the greater offense rather than to acquit him altogether even though it had a reasonable doubt that he really committed the greater offense. Beck v. Alabama, 447 U.S. 625, 634, 100 S.Ct. 2382, 2388 (1980). Alternatively, the jury may find the defendant not guilty of the greater offense and let him go unpunished even though he is in fact guilty of a lesser offense. This error can never be held harmless; the harm is automatic. See, e.g., Schad v. Arizona, 501 U.S. 624, 646-647, 111 S.Ct. 2491, 2505 (1991); Spaziano v. Florida, 468 U.S. 447, 455, 104 S.Ct. 3154, 3159 (1984); Beck v. Alabama, 447 U.S. at 634, 100 S.Ct. at 2388; State v. Jiminez, 953 S.W.2d 293, 299 (Tex. App. 1997); Saunders v. State, 913 S.W.2d 564 (Tex. Crim. App. 1995).

2

In formulating a harmless error rule, our supreme court in Williams recognized the evils of the "all-or-nothing" approach condemned in Beck. In determining whether the trial court's failure to instruct on a lesser offense is harmless, the court applied the presumption that, "*by finding the defendant guilty of the highest offense to the exclusion of the immediately lesser offense, . . . the jury necessarily rejected all other offenses.*"[2] Williams, No. 03S01-9706-CR-00060 (emphasis added). That is, when the jury is provided an instruction on the immediate lessor, the "all-or-nothing" option is removed; the jury is given the opportunity to compromise. See Beck v. Alabama, 447 U.S. at 634, 100 S.Ct. at 2388. However, the jury's rejection of the "intervening lessor" may not in every instance render harmless the trial court's failure to instruct upon another lesser offense also raised by the evidence. The existence of the "intervening lesser" will only "save" the court's failure to charge on another warranted lesser where the "intervening lesser" instruction indicates a lack of likelihood that the jury would have adopted the uninstructed lesser offense. In other words, an instruction on an "intervening lesser" will only hold harmless the court's failure to instruct on another lesser when the "intervening lesser" encompasses the defendant's theory of the case.

Under the Due Process Clause of the Fourteenth Amendment, criminal defendants must be afforded a meaningful opportunity to present a complete defense. California v. Trombetta, 467 U.S. 479, 485, 104 S.Ct. 2528, 2532 (1984). Implicit within the right to present a defense is the right to have the jury, *via* a jury instruction, consider the defense. As a general proposition, a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor. See Matthews v. United States, 485 U.S. 58, 64, 108 S.Ct. 883, 887 (1988) (citing Stevenson v. United States, 162

---

[2]The trial court, in Williams, instructed on premeditated murder, second degree murder, and reckless homicide, however, the trial court denied the request for an instruction on voluntary manslaughter. The jury convicted the defendant of first degree murder.

3

U.S. 313, 16 S.Ct. 839 (1896); 4 C. Torcia, Wharton's Criminal Procedure § 538, p. 11 (12th ed. 1976)). Parallel to the right to an instruction on a particular defense is the right to an instruction on a lesser offense sufficiently raised by the proof. See Matthews v. United States, 485 U.S. at 64, 108 S.Ct. at 887 (citing Fed. Rule Crim. Proc. 31(c); Keeble v. United States, 412 U.S. at 208, 93 S.Ct. at 1995; Sansone v. United States, 380 U.S. at 349, 85 S.Ct. at 1009). Failure to provide instructions encompassing the defendant's theory of the case, whether it be in the form of a "defense instruction" or a "lesser offense instruction," sufficiently raised by the evidence, renders the due process right to present a defense only half a right. Moreover, it subverts the adversarial process in that it only permits the prosecution's theory of the case to go to the jury. However, the right to have the jury consider the defendant's theory of the case does not equate with a right to have the trial court charge on defense theories that have no evidentiary support or that are inconsistent with the defendant's theory of the case.[3]

Thus, where the "intervening lesser" instruction fails to present the defendant's theory, which is sufficiently raised by the evidence, the reviewing court must determine whether the evidence supporting the judgment of conviction is so relatively strong and the evidence supporting a different outcome is so comparatively weak that there is no reasonable probability the error of which the defendant complains affected the result. If the court so determines, the error is harmless. If the court determines otherwise, the error is reversible.

The proof before us established that the defendant and Rouse had been friends for approximately one and one-half years. During this period, the defendant, on different occasions, had heard Rouse threaten to kill his brother, a State Trooper, a coach, a teacher, and an ex-girlfriend. Previous to the school shootings, the

---

[3]The principles governing lesser offense instructions espoused herein are not adopted simply to alleviate the dangers of an "all-or-nothing choice," but to assure, in the interest of justice, the most accurate possible verdict encompassed by the charge and supported by the evidence. See People v. Breverman, 960 P.2d 1094, 1105 (Cal. 1998).

defendant knew of no attempts by Rouse to carry out any of these threats. On the morning of the shootings, the defendant rode with his friend Rouse to school as he had done on other occasions. On the way to school, they stopped at the house of their friend, Stephen Ray. Ray saw the rifle in the truck and asked, "Who are you going after?" Rouse replied, "Hobbs and whoever gets in the way." Ray thought Rouse was joking and did not consider his comments as serious. After the shootings, Rouse told an investigator that he did not believe the defendant had taken him seriously. The defendant, at trial and in his statements to the police, admitted that he was aware of Rouse's threats to kill on the date of the shooting. He testified, however, that he never believed Rouse would do such a thing.

The trial court instructed the jury upon the State's theory that the defendant was criminally liable as a principle offender based upon the conduct of the co-defendant, Rouse. See Tenn. Code Ann. § 39-11-402(3). This theory is applicable when it is based upon the premise that the defendant knowingly, voluntarily, and with common intent united with the co-defendant in the commission of the crime. See State v. Carson, 950 S.W.2d 951 (Tenn. 1997). Moreover, in Carson, our supreme court held that criminal responsibility, under an aiding and abetting theory, "requires that a defendant act with a culpable mental state, specifically, the intent to promote or assist the commission of the offenses. . . ." Id. at 954.

The defendant contends that the trial court erred in submitting to the jury only the State's theory of the case, i.e., that the defendant was a principle offender. He insists that, at best, the proof established culpability for facilitating, a subordinate degree of criminal responsibility. The defendant's position, at trial, was that he acted not with the intent to promote or assist murder, but only with the intent to assist his high school friend. These respective theories illustrate the principal

5

distinction between "criminal facilitation" and "criminal responsibility."[4] Criminal facilitation is established, in this case, if the proof demonstrated that the defendant had knowledge that Rouse intended to commit murder and the defendant furnished substantial assistance in the murder but <u>without the intent to promote, assist or benefit in the murders</u> committed by Rouse.

In this case, the jury was only instructed on the theory of criminal responsibility. Thus, the jury was permitted to consider the defendant's guilt or innocence only upon this one theory. The proof in the record, when reviewed in the light most favorable to the defendant, clearly supports the defendant's theory of facilitation.[5] <u>See</u> <u>Elder</u>, No. 03C01-9702-CR-00053. Contrary to Judge Smith's assertion, the jury could <u>not</u> have rejected the defendant's theory of "facilitation," because they were <u>precluded</u> by the trial court from even considering this theory. Moreover, Judge Smith concludes, utilizing the <u>Williams</u> presumption, that, because the jury was instructed on offenses lesser than those for which the defendant was convicted, any error in refusing to charge facilitation was harmless. I believe this analysis too narrow and too mechanical in its application. Under this rationale, the failure to charge voluntary manslaughter would always be harmless in a case of first degree murder as long as the trial court instructed on second degree murder, even though the proof was replete with uncontested evidence of adequate provocation and passions and the defendant conceded the elements of manslaughter.

_____

[4]The following two hypothetical cases provide classic illustrations of "criminal facilitation:" In the first, the 'offender' sells large quantities of sugar and malt to illegal distillers with knowledge of their illegal intentions. He knows that his conduct makes it possible for the offense to be committed, but, at the same time, he has no intention to further the criminal objective. In the second, the 'offender,' a druggist, sells poisonous substances to a woman with knowledge that she intends to poison her husband. As in the first case, the actor knows that his conduct facilitates commission of the offense but he has no intention to promote or contribute to its fruition.

<u>See generally</u> Kentucky Crime Commission Commentary, Ky. Rev. Stat. Ann. § 506.080 (citing generally to the New York Penal Code).

[5]Similar to a motion for directed verdict, the trial court must view the evidence in the light most favorable to the defendant, indulging in all reasonable inferences in his favor. <u>See</u> Tenn. Rules Civ. P. 50. The rule does not permit a weighing of the evidence by the trial judge. Obviously, a review of the evidence in the light most favorable to the State, following conviction, would never reach the defendant's theory of the case.

6

Thus, I conclude that the failure of the trial court to instruct on a lesser offense is harmless only where the jury's resolution of disputed facts compels the conclusion that the jury, by their verdict, necessarily rejected an alternative resolution of fact that would have supported the lesser offense which was not instructed. See Turner v. Commonwealth, 476 S.E.2d 504, 508 (Va. App. 1996). In the instant case, the jury was not provided the opportunity to resolve "disputed facts" regarding the theory of criminal liability. In sum, I find the trial court's failure to provide the jury of its option to find the defendant guilty of facilitation impaired the jury's truth-ascertainment function by forcing the jury to make an "all or nothing" choice between conviction as a principal offender of the crimes charged or acquittal, thereby denying the jury the opportunity to consider the defendant's theory of the lesser grade of criminal responsibility which was established by the evidence. See Breverman, 960 P.2d at 1094. Thus, the error cannot be held harmless.

Additionally, I am unable to join in the conclusion that the defendant was properly classified as a dangerous offender thus warranting consecutive sentences. The fact that an inherently dangerous offense occurred, as is clearly the case before us, does not necessarily translate to the fact that all of the criminal actors involved were dangerous offenders. The decision to impose consecutive sentences should be based upon the presence of aggravating circumstances. See Gray v. State, 538 S.W.2d 391, 393 (Tenn. 1976). The defendant's unlawful conduct in this case involved the operation of a vehicle to the crime scene at the request of the co-defendant. I am unable to conclude that this fact alone establishes that the defendant has little or no regard for human life. Accordingly, I would find that the defendant's conduct in this case fails to establish aggravating circumstances necessary for classification as a dangerous offender.

For the foregoing reasons, I concur in part and dissent in part.

_____
DAVID G. HAYES, Judge

7