83,025-01

Jessie Burks #1785904
Telford Unit
3899 State Hwy 98
New Boston, Texas 75570


March 21, 2015


HONORABLE Abel Acosta,
Clerk of The Court
Court of Criminal Appeals, Capitol Station
P.O. BOx 12308
Austin, Texas 78711


HONORABLE CLERK,

Enclosed is a true and correct copy of Applicant's Objection to The State's Proposed Conclusions of Law, which was mail to the Trial Court on March 12, 2015. Applicant request that the Objection to The State's Proposed Conclusion of Law, be filed with the Court Of Criminal Appeals, Capitol of Texas.


Thanking you in advance for your time and cooperation.


RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 25 2015

Abel Acosta, Clerk

Jessie Burks

CAUSE NO. 114-0107-12-A

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COUNTY |
| | § | |
| | § | OF |
| | § | |
| JESSIE BURKS | § | SMITH COUNTY, TEXAS |

---

## APPLICANT'S OBJECTION TO THE STATE'S
## PROPOSED CONCLUSIONS OF LAW

---

The State filed a motion asking the Court to sign a judgment based on the original answer of the State in response to Applicant's grounds of relief in a Memorandum submitted in support of an Application for Writ of Habeas Corpus 11.07. Applicant attaches to this Objection Argument and Authorities to the State's Proposed Judgment.

---

Jessie Burks#1785904
Telford Unit
3899 State Hwy 98
New Boston, Tx. 75570

TO THE HONORABLE JUDGE OF THE SAID COURT:

COMES NOW Jessie Burks, Applicant in the present Writ of Habeas Corpus, respectfully object to the Proposed Judgment of the State. The State's Proposed Judgment misapplies the Law to the facts as followed:

## I.

In the State's Counterpoint #1, the State claims that the record does not support that Applicant's trial attorney (Brent Ratekin) was ineffective or that Applicant was harmed as a result. This is absolutely contrary to what the record reflects, in Mr. Ratekin's Affidavit he clearly admits that he did not file a dis-covery motion, nor any pretrial motions on defensive issues. Mr. Ratekin states that the Court covers those issues pertaining to discovery, pretrial motions, evidence and Brady materials, which suggest that Mr. Ratekin did not perform an independent investigation of the facts of his client's case, but instead simply went along with the facts as represented by the District Attorney's Office. Mr. Ratekin claims that he spoke with the alleged victim on numerous occassions prior to trial, and that the alleged victim stated that the offense did not happen and that she was the aggressor, not the Applicant. Mr. Ratekin also claims in his Affidavit that there were not any discrepancies in between the indictment and the evidence presented at trial, other than the alleged victim testifying that she was not assaulted by the Applicant. Furthermore, the State did not present sent any pictures, video footage or medical records indicating that an assault actually took place. Mr. Ratekin's repre-

1

sentation fell below prevailing professional norms for counsel's failure to put on an accurate defense when the State's case was largely circumstantial, which made the adversarial testing process unreliable. Kimmelmann v Morrison, 477 U.S. 365,385(1986); Argersinger v Hamlin, 407 U.S. 25,31-32(1972). Counsel's representation was deficient and so lacking in tactical or strategic decision making as to overcome the presumption that counsel's conduct was reasonable and professional. Under the circumstances disclosed, Applicant was not accorded the right of effective counsel in any substantial sense, to decide otherwise, would simply be to ignore actualities. Powell v Alabama, 287 U.S. 58,53 S.Ct. 60(1932).

The State claims that the second ground of ineffective assistance of counsel for failing to present "potentially compelling" mitigating evidence is unsupported by the record and the Law. This is contrary to the evidence that the State included with its response, also the State Second Notice of Intent to Offer Evidence, which is the Applicant's TDCJ Discipli -nary History Record. Indeed, this TDCJ Disciplinary Record re -veals a pattern of behavior, which demonstrates mental illnes -s. If Mr. Ratekin actually did investigate and interview the alleged victim he would have been informed of this mental disorder by the alleged victim, as she stated in a letter written to the Applicant (see Exhibit - M attached to the Original Objection sent to the Trial Court). This information was given to Mr. Ratekin prior to trial, if Mr. Ratekin's interest was to defend the Applicant he would have inquired or considered

2

strategic alternative tactics for the benefit of his client. Its counsel's duty to represent and defend his client during all phases of trial especially the sentencing phase. Wiggins v Smith, 539 U.S. 510,534-38(2003)(but for counsel's failure to confront the jury with "considerable" mitigating evidence of the defendant's "life history", there was reasonable probability that it would have returned with a different sentence); Rompilla v Beard, 545 U.S. 374,390-93(2005)(but for counsel's failure to examine defendant's prior conviction during investigation of mitigating evidence, jury's verdict might have been different); Harries v Bell, 417 F.3d 631,639-42(6th Cir.2005)(but for counsel's failure to present mitigating evidence of defendant's mental health, there was reasonable probability that sentence would have been different).

## II.

In the State's Counterpoint #2, the State claims that the Applicant's Appeal Attorney (Austin Jackson) did argue and raise a ground on Insufficient Evidence on direct Appeal. This couldn't be further from the true, as Mr. Jackson's Brief reveals. In Appellate Counsel's Brief Mr. Jackson is specifically arguing that the evidence is Legally Insufficient to support the prior conviction alleged for Enhancement Purposes. Mr. Jackson is arguing in his Brief that the Prior Conviction Evidence is Legally Insufficient to support an Enhancement. Mr. Jackson did is arguing that the prior convictions of assault are invalid, which is frivolous. Mr. Jackson did not raise a ground challenging the legal sufficiency of the evi-

3

dence presented at trial pertaining to the assault of the alleged victim in this case on Direct Appeal. However, in this case at trial the prosecutor presented no pictures or photograph, no video footage, no medical records or hospital documents indicating or showing proof of an assaulted, battered or bruised victim (no evidence of Bodily Injury). Counsel was ineffective for filing a Brief on a frivolous issue when non-frivolous issues existed for Appeal. Lombard v Lynaugh, 868 F .2d 1475(5th Cir.1989); Evitts v Lucey, 469 U.S. 387,83 L.Ed. 2d 821(1985). Moreover, Mr. Jackson submitted deceptive Affidavit in an attempt to deceive the Court in to thinking that he raised and argued on appeal the sufficiency of evidence supporting Applicant's conviction, when in fact he did not, but he did in fact raise a frivolous ground arguing the sufficiency of the evidence of Applicant's prior convictions of Assault were invalid, for the purpose of enhancement, when Applicant has clearly been conviction of assault on previous occasion. Delgado v Lewis, 223 F.3d 976, 980-82(9th Cir.2000)( counsel's failure to raise any arguable issues in appellate brief was ineffective assistance); Jiminez v State, 953 S.W. 2d 293,296-97(Tex.App. Austin 1997, PET. Ref'D).

### III.

In the State's Counterpoint #3, the State claims that Applicant's fourth ground is unsupported by the Law. However, the factual content of the evidence is unsupportive of the conviction, because there is no evidence in this case. Heffernan v Norris, 48 F.3d 331(8th Cir.1995)(Habeas petitioner

4

may excuse procedural bar and abuse of writ by showing cause and prejudice or actual innocence); Frey v Schuetzle, 78 F. 3d 359(8th Cir. 1996). The Applicant's confinement violates the constitution of the United States to the level of a fundamental defect which inherently results in a complete miscarriage of justice and is inconsistent with rudimentary demands of fair procedure which are cognizable issues. The record is wholly devoid of any evidentary support to sustain the conviction, the prior conviction evidence is inadmissible to prove the contested issue. Someone convicted of crime in a Court of Law without any evidence to support the same, but is convicted solely on prior convictions of a similiar crime is a violation of due process. The Fifth Amendment to the United States Constitution guarantees that no one will be deprived of liberty without "due process of law." United States v Gaudin, 515 U.S. 510,115 S.Ct. 2310(1995); McDaniel v Brown, 130 S.Ct.6279(1979 ). Unreliable and misleading evidence violates due process rights.

The State claims that the Fifth ground of Prosecutorial Misconduct is not established through citation to the record or the law and alleges that no character evidence was presented on the Applicant during trial. The State must have this case sadly mistaking with another, because not only did the prosecutor include the bad character evidence with his response, but also during trialland closing arguments. Not only that, but the trial attorney in his Affidavit stated that the prosecutor had to prove that the Applicant had been convicted of

5

family violence family violence previously and the conviction for family violence was included in the indictment. But the prosecutor was supposed to prove the offense that the Applicant was being tried for, all of this bad character evidence was turned over to defense counsel prior to trial, with the States intent to offer into evidence during trial. The same tactic that the State is using in its response is the same tacticswhich was used throughout the entire trial to sustain a conviction. A fundamental rule of evidence is that a defendant's bad character cannot be used to argue that the defendant committed the crime for which he isbeingtried,or had the propensity to commit that crime. Therefore, the prosecutor should prosecute with earnestness and vigor, but may not use improper methods calculated to produce a wrongful conviction. The prosecutors' actionsofmisconductinthis case so infected the trial with fairness as to make the resulting conviction a denial of due process. Berger v U.S., 295 U.S. 78,88(1935); U.S. v Williams, 343 F.3d 423,437(5th Cir.2003).

## IV.

CONCLUSION: Wherefore, premises considered, the Applicant that the Court find that there are controverted, previously unresolved facts material to the legality of Applicant's confinement, that there is a necessity for a fact-finding hearing as there is ample evidence in the record for the Court to rule on the relief sought, that the Court enter Findings of Fact and Conclusions of Law, and recommend to the Court

6

of Criminal Appeals that this writ application be granted.

Respectfully submitted,

*Jessie Burks*

Jessie Burks#1785904
Telford Unit
3899 State Hwy 98
New Boston, Tx. 75570


## CERTIFICATE OF SERVICE

I Jessie Burks, Applicant hereby certify that a copy of the Objection to the State's Proposed Judgment for writ of habeas corpus was served by U.S. Mail, on March 12, 2015, to the DIstrict Attorney's Office 100 N. Broadway, 4th Fl., Tyler, Texas 75702.

*Jessie Burks*

Jessie Burks, Applicant