TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00253-CR






John Shaw, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BEXAR COUNTY, 290TH JUDICIAL DISTRICT


NO. 98CR1595, HONORABLE SHARON MACRAE, JUDGE PRESIDING







 Appellant John Shaw was convicted of indecency with a child, and the jury assessed
punishment at ten years probation. See Tex. Penal Code Ann. § 21.11(a) (West Supp. 2000). 
He appeals, claiming the district court erred in refusing a requested jury definition and jury
charges for two lesser included offenses. We will affirm.


Factual Summary


 On December 13, 1997, the twelve-year-old victim and her younger sister were in
the book aisles of a K-Mart store. The victim and her sister testified that they noticed appellant
and that he appeared to be following them through the department. When the girls sat down to
read, appellant stepped between them. The victim looked up from her book and saw that
appellant's pants were unzipped and his penis was exposed. An adult standing in the same aisle
also saw appellant standing near the girls with his pants unzipped and his penis exposed. K-Mart
security employees testified that they watched appellant on security cameras because he was acting
nervous, playing with his sweater and looking down at himself. They noticed appellant lift and
lower his sweater several times and initially thought he might be shoplifting. As they watched,
they saw at least two occasions when appellant lifted his sweater and exposed himself through his
unzipped pants when he was near children.

 Appellant testified that he was in the K-Mart store looking for books to read on a
trip he was about to make. He said he was not wearing underwear that day because he had
recently undergone vasectomy surgery and was more comfortable at the time without underwear. 
He explained that when the security personnel saw him looking down at himself, he was checking
to be sure his zipper was zipped up because, "I believe I was having a problem with that particular
pair of pants." He testified that he was browsing through the books when he noticed a woman
staring at his crotch. He looked down and was embarrassed to realize his pants were unzipped
and his penis was exposed. He said he quickly left the store and zipped up his pants. Appellant
denied knowing that his pants were unzipped and stated he did not intend to expose himself to
anyone.


Discussion

 Because the record contains appellant's testimony that he was unaware that his
zipper was down, he contends he was entitled to jury charges on the offenses of indecent exposure
and disorderly conduct, which he argues are lesser included offenses of indecency with a child. 
We disagree and will overrule appellant's issue on appeal.

 A defendant is entitled to a jury charge on a lesser included offense if he satisfies
a two-pronged test. See Rousseau v. State, 855 S.W.2d 666, 672 (Tex. Crim. App. 1993);
Jiminez v. State, 953 S.W.2d 293, 299 (Tex. App.--Austin 1997, pet. ref'd). First, the lesser
offense must be included within the proof necessary to establish the greater charged offense and
second, there must be some evidence in the record that, if the defendant is guilty, he is guilty only
of the lesser included offense. See Rousseau, 855 S.W.2d at 672; Jiminez, 953 S.W.2d at 299. 
The issue of whether the defendant is guilty only of the lesser offense arises if there is evidence
that rebuts or negates an element of the greater offense or if the evidence is subject to different
interpretations and one interpretation negates or rebuts an element of the greater. See Schweinle
v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Jiminez, 953 S.W.2d at 299. An offense
is a lesser included offense if: (1) it is established by proof of the same or less than all the facts
necessary to establish the greater offense; (2) it differs from the greater offense only in that it
requires a less serious injury or risk of injury; (3) it differs from the greater offense only in that
it requires a less culpable mental state; or (4) it consists of an attempt to commit the greater
offense or another included offense. See Tex. Code Crim. Proc. Ann. art. 37.09 (West 1981).

 If a defendant satisfies the test and presents evidence that he is guilty only of a
lesser included offense or if the issue is otherwise raised by the evidence, he is entitled to a jury
charge on that lesser offense. See Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App.
1985). However, if he only presents evidence that he committed no crime and there is no
evidence otherwise raising the issue, a charge on the lesser included offense is not required. See
Saunders v. State, 840 S.W.2d 390, 392 (Tex. Crim. App. 1992); Aguilar, 682 S.W.2d at 558;
Lofton v. State, 6 S.W.3d 796, 800 (Tex. App.--Austin 1999, pet. filed) (quoting Bignall v. State,
887 S.W.2d 21, 24 (Tex. Crim. App. 1994)).

 Indecent exposure is a lesser included offense of indecency with a child. See
Briceno v. State, 580 S.W.2d 842, 844 (Tex. Crim. App. 1979). For the purposes of this
opinion, we will assume without deciding that disorderly conduct is also a lesser included offense
of indecency with a child. (1) Thus, we will assume that appellant has satisfied the first prong of
the lesser included offense test and consider the second prong. See Rousseau, 855 S.W.2d at 672;
Jiminez, 953 S.W.2d at 299.

 The question to be answered is whether there is some evidence in the record that
if appellant is guilty of anything, he is guilty only of the lesser included offenses. See Rousseau,
855 S.W.2d at 672; Jiminez, 953 S.W.2d at 299. Appellant contends the record contains evidence
of "'reckless' exposure" and that "reckless exposure" is an element of the lesser included
offenses; thus, he was entitled to charges on those offenses. Appellant is correct that
"recklessness" is an element of both indecent exposure and disorderly conduct. However, he is
mistaken in his claim that "reckless exposure" is an element of those two offenses.

 A person commits indecency with a child if, with a child younger than seventeen
years and not his spouse, he exposes any part of his genitals, knowing the child is present, with
intent to arouse or gratify the sexual desire of any person. See Tex. Penal Code Ann.
§ 21.11(a)(2). A person commits indecent exposure if he "exposes . . . his genitals with intent
to arouse or gratify the sexual desire of any person, and he is reckless about whether another is
present who will be offended or alarmed by his act." Tex. Penal Code Ann. § 21.08(a) (West
1994). A person commits disorderly conduct if he "intentionally or knowingly . . . exposes his
. . . genitals in a public place and is reckless about whether another may be present who will be
offended or alarmed by his act." Tex. Penal Code Ann. § 42.01(a)(12) (West Supp. 2000). 
Neither lesser included offense requires proof that the defendant recklessly exposed himself; they
require proof that he intentionally exposed himself. Recklessness arises only in the inquiry into
the defendant's mental state as to the presence of possible witnesses to his intentional behavior.

 Appellant testified that he did not know his zipper was down and that when he
realized his zipper was open, he was embarrassed and left the store immediately. He denied that
it was his intent to expose himself to anyone, adult or child. He was asked, "[Y]ou would have
this jury believe that you did not intentionally or knowingly expose your genitals at any time . . . 
on December 13th, 1997. Is that correct?" Appellant replied, "That is correct." Taking
appellant's testimony as true, there is no evidence in this record that appellant intended to expose
himself but was reckless as to whether anyone was present who might be offended or alarmed by
his act. Under appellant's testimony, he was innocent of any crime, including the lesser included
offenses. Thus, there is no evidence in this record to support the submission of the lesser
included offenses, and the trial court correctly overruled appellant's objection to their exclusion
from the charge. Recklessness is not an element of indecency with a child, therefore appellant
was not entitled to a jury definition of "recklessness."

Conclusion

 Viewing the record in its entirety, appellant was either guilty or not guilty of
indecency with a child; there is no evidence that would allow the jury to conclude he was not
guilty of the charged offense but was guilty of either of the lesser included offenses. The district
court did not err in refusing to include in the jury charge the lesser included offenses of indecent
exposure or disorderly conduct or in refusing to include the definition of "recklessness." We
affirm the district court's judgment.



 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 30, 2000

Do Not Publish

1. See Bowles v. State, 550 S.W.2d 84, 86 (Tex. Crim. App. 1977) (indecency with a child
case stating "[t]he court did not err in refusing to charge on the lesser included offenses of
indecent exposure and disorderly conduct."). But see Briceno, 580 S.W.2d at 844 ("we cannot
rely on [Bowles language regarding indecent exposure and disorderly conduct as lesser included
offenses] as being a definitive holding on the issue"). 


 guilty only of the lesser included offenses. See Rousseau,
855 S.W.2d at 672; Jiminez, 953 S.W.2d at 299. Appellant contends the record contains evidence
of "'reckless' exposure" and that "reckless exposure" is an element of the lesser included
offenses; thus, he was entitled to charges on those offenses. Appellant is correct that
"recklessness" is an element of both indecent exposure and disorderly conduct. However, he is
mistaken in his claim that "reckless exposure" is an element of those two offenses.

 A person commits indecency with a child if, with a child younger than seventeen
years and not his spouse, he exposes any part of his genitals, knowing the child is present, with
intent to arouse or gratify the sexual desire of any person. See Tex. Penal Code Ann.
§ 21.11(a)(2). A person commits indecent exposure if he "exposes . . . his genitals with intent
to arouse or gratify the sexual desire of any person, and he is reckless about whether another is
present who will be offended or alarmed by his act." Tex. Penal Code Ann. § 21.08(a) (West
1994). A person commits disorderly conduct if he "intentionally or knowingly . . . exposes his
. . . genitals in a public place and is reckless about whether another may be present who will be
offended or alarmed by his act." Tex. Penal Code Ann. § 42.01(a)(12) (West Supp. 2000). 
Neither lesser included offense requires proof that the defendant recklessly exposed himself; they
require proof that he intentionally exposed himself. Recklessness arises only in the inquiry into
the defendant's mental state as to the presence of possible witnesses to his intentional behavior.

 Appellant testified that he did not know his zipper was down and that when he
realized his zipper was open, he was embarrassed and left the store immediately. He denied that
it was his intent to expose himself to anyone, adult or child. He was asked, "[Y]ou would have
this jury believe that you did not intentionally or knowingly expose your genitals at any time . . . 
on December 13th, 1997. Is that correct?" Appellant replied, "That is correct." Taking
appellant's testimony as true, there is no evidence in this record that appellant intended to expose
himself but was reckless as to whether anyone was present who might be offended or alarmed by
his act. Under appellant's testimony, he was innocent of any crime, including the lesser included
offenses. Thus, there is no evidence in this record to support the submission of the lesser
included offenses, and the trial